UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOLYNN JACKSON                                                              PLAINTIFF

VS.                                                   CIVIL ACTION NO.: 5:12cv94-DPJ-FKB

STATE OF MISSISSIPPI, ET AL.                                               DEFENDANTS

ORDER

This sexual-harassment and retaliation case is before the Court on the motions to dismiss

filed by the State of Mississippi [3] and individual defendant Michael W. Miller [5]. Plaintiff

responded to Miller's motion but not the State's. Having fully considered the premises, the

Court finds that the motions should be granted along with leave to amend as to certain claims.

I.      Background

In very general terms, Plaintiff JoLynn Jackson claims that she was employed with the

Hinds County Department of Human Services.[1] According to Jackson, her supervisor Defendant

Michael W. Miller created a hostile-working environment and retaliated against her for

cooperating with a sexual-harassment investigation involving a co-worker. Jackson brought suit

under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The State and Miller now

seek dismissal.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v.*

---

[1]The State of Mississippi takes issue with that characterization, claiming that Jackson actually worked for the Mississippi Department of Health. Jackson never responded to the State's motion, so it remains unclear whether she persists in claiming that she worked for the county rather than the State. The distinction is significant under § 1983, and the dispute will need to be resolved as the case proceeds.

*Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

A.      Conceded Claims

Jackson has at least tacitly conceded most of the claims addressed in Defendants' motions.  Her decision not to respond was no doubt influenced by the merit of Defendants' arguments.  Thus, the following claims are dismissed with prejudice for the following reasons.  First, Plaintiff's Title VII claims against the State are dismissed for failure to exhaust administrative remedies prior to filing suit.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative

remedies before pursuing claims in federal court.  Exhaustion occurs when the plaintiff files a

timely charge with the EEOC and receives a statutory notice of right to sue." (citations omitted)).

Second, Jackson cannot sue the State of Mississippi under § 1983 because it is not a "person" for

purposes of that statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).  Third,

Miller is not a statutory employer under Title VII, so all Title VII claims against him are

dismissed.  *See Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003)

("Individuals are not liable under Title VII in either their individual or official capacities." (citing

*Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002))).  Finally, the official capacity

claims against Miller under § 1983 must be dismissed because "[s]tate officials sued in their

official capacities are not persons subject to suit under § 1983."  *Skelton v. Camp*, 234 F.3d 292,

295 (5th Cir. 2000) (citing *Will*, 491 U.S. at 71). Thus, the only disputed claims addressed in the

motions are those against Miller in his individual capacity under § 1983.

> B.      Section 1983 Claims Against Miller

Section 1983 precludes deprivation of a right "secured by the Constitution and the laws"

of the United States by a person acting under color of state law.  42 U.S.C. § 1983; *Daniel v.

Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988).  In this case, Jackson claims that Miller created a

hostile-work environment and then retaliated against Jackson for cooperating in a sexual-

harassment investigation.  She claims that both acts violated the Equal Protection Clause, which

essentially directs "that all persons similarly situated should be treated alike."  *City of Cleburne

v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted).

Starting with retaliation, Jackson has failed to state a claim because the Equal Protection

Clause does not preclude workplace retaliation.  *Teigen v. Renfrow*, 511 F.3d 1072, 1086 (10th

Cir. 2007) ("The mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause." (citation omitted)); *Bernheim v. Litt*, 79 F.3d 318, 323 (2d Cir. 1996) ("[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination."); *Ratliff v. DeKalb Cnty.*, 62 F.3d 338, 341 (11th Cir. 1995) (reversing and holding that "no established right exists under the equal protection clause to be free from retaliation"); *see also Thompson v. City of Starkville*, 901 F.2d 456, 468 (5th Cir. 1990) (finding employee alleging retaliation for filing grievances failed to state an Equal Protection Claim). In any event, the right was not clearly established so Miller is entitled to qualified immunity.

That leaves the sexual-harassment claim. Sexual harassment is recognized under the Equal Protection Clause and is actionable under § 1983. *See Lauderdale v. Tex. Dep't of Criminal Justice, Inst. Div.*, 512 F.3d 157, 166 (5th Cir. 2007). But in this case, Miller raises two arguments for dismissal: (1) Jackson insufficiently pleaded the claim; and (2) Miller is otherwise entitled to qualified immunity.

Miller's arguments merge in this instance because the Complaint offers insufficient information to evaluate the sufficiency of the sexual-harassment claim or qualified immunity. The qualified-immunity analysis asks whether (1) the claims "establish a violation of a clearly established right," and (2) "whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." *Id*. (citations and punctuation omitted). "One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing

*Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).  Thus, the Fifth Circuit employs a

"careful procedure" to determine whether the complaint is sufficiently pleaded to allow discovery

of the qualified-immunity issues.  *Id*.  "[A] district court must first find 'that the plaintiff's

pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"  *Id*.

(citing *Wicks v. Miss. State Emp't Servs*., 41 F.3d 991, 994 (5th Cir. 1995)) (citation omitted).

This inquiry incorporates the pleading standards established in *Twombly* and *Iqbal*.  *Id*.  "Thus, a

plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the

court to draw the reasonable inference that the defendant is liable for the harm he has alleged and

that defeat a qualified immunity defense with equal specificity."  *Id*.

Jackson's Complaint fails to meet this standard.  In her response, Jackson relies primarily

on the following paragraphs from her Complaint to describe the alleged sexual harassment:

> 10.   Plaintiff observed and heard during the previous ten years sexually
> harassing remarks and actions by Michael W. Miller who created a hostile
> and offensive work environment.
>
> 11.   Plaintiff observed and experienced during the previous ten years unfair
> employment practices to include denial of promotions, unfair caseloads,
> and other adverse employment decisions.

Compl. [1] ¶¶ 10–11.[2]  These assertions leave the Court guessing whether Miller subjected

Jackson—as opposed to a co-worker—to sexual harassment.[3]  It is likewise unclear whether the

alleged conduct was sufficiently severe or pervasive for Jackson to state a sexual harassment

---

[2]Other paragraphs address alleged retaliation.  *See, e.g.*, *id*. ¶¶ 13–16.

[3]Though this claim is in the § 1983 context, which does not require exhaustion of
remedies, the Court notes that Jackson's EEOC charge is based exclusively on alleged retaliation
and makes no allegation that she was subject to sexual harassment.  *See* Compl. [1] Ex. A.
Moreover, paragraph 13 of her Complaint indicates that the harassment was directed toward a co-
worker.

claim.  *See Lauderdale*, 512 F.3d at 166 (sexual-harassment claim under § 1983 applies same standards as Title VII).  In other words, when the Court removes the conclusory averments, the balance of the Complaint fails to "state a claim to relief that is plausible on its face."  *Backe*, 691 F.3d at 648 (quoting *Iqbal*, 556 U.S. at 678–79) (internal quotations omitted).[4]

The Court finds that the motion to dismiss the § 1983 sexual-harassment claim against Miller in his individual capacity should be granted but that Jackson should be allowed to file an Amended Complaint within ten (10) days of entry of this Order to include facts related to that aspect of the claim.  *See Tuma v. Jackson Mun. Airport Auth.*, No. 3:09cv517-DPJ-FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." (citation and quotations omitted)).

IV.     Conclusion

The Court has considered all of the parties' arguments, and those not addressed herein would not change the result.  Defendants' motions to dismiss [3, 5] are granted.  Plaintiff is, however, granted leave to amend as to the § 1983 sexual-harassment claim against Defendant Miller in his individual capacity.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[4]Miller's arguments also merge because a sufficiently stated sexual-harassment claim would survive the second prong of the qualified-immunity standard.  *Lauderdale*, 512 F.3d at 166 (holding that "qualified immunity can never offer protection for sexual harassment because, if it is actionable at all, the harassment is by definition objectively offensive and unreasonable, and qualified immunity protects only the 'objectively reasonable'" (citation omitted)).